IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 31 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| TYRONE GREENE,<br>Petitioner, | Civil Action No. 7:06-cv-00332 |
| v. | **MEMORANDUM OPINION** |
| B. A. BLEDSOE, WARDEN,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Tyrone Greene, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the validity of his confinement under a 1997 criminal judgment entered against him by United States District Court of the Southern District of New York. After review of the record, the court concludes that the petition must be dismissed.

I.

Greene pled guilty to a charge of conspiracy to commit murder in aid of racketeering and a related charge. The United States District Court of the Southern District of New York accepted his plea and sentenced him to fifteen years in prison. He did not appeal. He states that he has previously filed motions to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, and two motions for certification to file a successive § 2255, all of which were denied.

In his pleading, petitioner asserts the following claims a) a § 2241 petition cannot be construed as a successive § 2255 motion; b) this § 2241 petition is not abuse of the writ; and c) "a nexus to a crime of violence must exist to a gun before it become [sic] a federal offense." In his past request to file a successive motion, he also alleged that his guilty plea to the § 924(c) gun charge was illegal as no federal crime existed to support it and it was double jeopardy, misjoinder and violation of due process.

II.

A district court may not entertain claims challenging the validity of the conviction and or sentence in a § 2241 petition, unless a motion pursuant to § 2255 is "inadequate or ineffective to test

1

the legality of [an inmate's] detention."[1] Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Likewise, the simple fact that petitioner was unable, for any reason, to obtain relief under § 2255 does not establish that the remedy was "inadequate." In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In the Jones decision, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate shows that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

The current petition does not indicate any respect in which petitioner's claims meet the standard under Jones so as to qualify for consideration under § 2241. The evidence at trial would have been that Greene was a member of a criminal organization that trafficked in narcotics and other criminal activity; and that after an organization leader ordered Greene and his co-defendant to kill David Wetstone, the two men opened fire on Wetstone, wounding him and killing another individual, Nathaniel Brown, also known as "Shaka Zulu." Greene does not point to any recent change of substantive law, and the court is unaware of any such precedent, legalizing the conduct for which petitioner stands convicted. It is still illegal to conspire to commit murder in furtherance of racketeering activity and to use or carry a firearm during or in relation to a crime of violence or a drug trafficking offense. Because petitioner thus does not demonstrate under Jones that § 2255 is inadequate to test the legality of his detention, he is not entitled to relief under § 2241. The court will dismiss his petition accordingly. An appropriate order shall be issued this day.

---

[1] Greene does not allege that his criminal sentence is being improperly executed in any way. Rather, he challenges the validity of the criminal judgment itself.

2

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253( c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 31st day of May, 2006.

/s/ James C. Turk
Senior United States District Judge

3